IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01908-PAB-KLM

REUBEN ROBERT EUGENE WISE,

    Plaintiff,

v.

CHRISTINA MONTEZ,
JANIELLE WESTERMIRE,
DAVID HARMON,
J. ZELLAR,
DIXIE SMITH,
AMANDA WRIGHT,
SEPTIMBER TOPAI,
MCCABE, MCDF Sargent, and
MATT LEWIS,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Amanda Wright's **Motion to Dismiss** [#27][1] (the "Motion"). Plaintiff, who is proceeding pro se,[2] filed a Response [#37] in opposition to the Motion, and Defendant Wright filed a Reply [#42]. Plaintiff filed a Surreply

---

[1] "[#27]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

titled "Motion for 'Clarification' of Documents #42, 27" [#47] (the "Surreply").³ The Motion has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c). *See* [#29]. The Court has reviewed the Motion, Response, Reply, Surreply, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#27] be **GRANTED**.

## I. Background

Plaintiff is currently an inmate with the Colorado Department of Corrections, but throughout the period relevant to this lawsuit he was a pretrial detainee at Mesa County Jail. *Compl.* [#1] at 3-4. Plaintiff brings this lawsuit against Defendant Wright (and others not parties to the present Motion) pursuant to the Fourteenth Amendment, alleging that she failed to provide him adequate medical care. *Id.* at 11. Defendant Wright was a member of the medical staff at Mesa County Jail. *Id.* at 5.

On August 21, 2016, while a pretrial detainee at Mesa County Jail, Plaintiff alleges he sustained two substantial injuries. *Id.* The first was an injury to his left shoulder after two officers threw him to the ground. *Id.* Two hours later this injury was aggravated when an officer tased Plaintiff in his cell. *Id.* at 9. After Plaintiff was tased, the officer aggressively lifted his arm to cut off his identification wristband. *Id.* There was a popping sound and Plaintiff yelled "ouch!" *Id.* Plaintiff alleges "[t]his is when my shoulder was really

---

³ Plaintiff filed the Surreply [#47] without properly seeking leave of the Court, i.e., by filing a separate motion. Although the filing of surreplies is not contemplated by the Federal Rules of Civil Procedure or the Court's Local Rules, out of an abundance of fairness to Plaintiff, the Court has considered the arguments in his Surreply in connection with its review of the present Motion [#27].

messed up." *Id.*

The second injury resulted from direct contact with the taser. *Id.* at 11. Plaintiff alleges that he "was tased so long that the direct stun taser had burned through my jail canvas[] shirt and white t-shirt and left 6-8 substantial burns on my back." *Id.* at 9. Later, three witnesses told Plaintiff "that smoke was actually coming off of my back. . . ." *Id.* Plaintiff also alleges that "[o]ver the next few days the burns on my back hurt so bad that I couldn't [*sic*] even sleep at night because the blankets would rub across them." *Id.* Plaintiff recalls that immediately after the incident his shirt was cut off so that an officer could take photographs of his back. *Id.*

Plaintiff does not allege that Defendant Wright was present when either injury occurred. *See generally id.* Instead, Plaintiff alleges that Defendant Wright was "Medical Staff" who responded to the tasing. *Id.* at 5. Plaintiff describes that "[t]he fire department/EMS came and assessed my injuries after being tazed [*sic*] and specifically told medical to give me ice for my shoulder . . . ." *Id.* at 11. Plaintiff alleges that EMS failed to assess his second injury, and that several officers knew that his back had multiple burns and that they needed to be cleaned and treated, yet "[n]one of them advised EMS to look at my back." *Id.* Plaintiff explains that he did not know at the time that he had six-to-eight taser burns nor that he had been "burned badly because I was still disorientated from the incident." *Id.* It is not entirely clear whether EMS was aware of the burns on Plaintiff's back. *Id.*

Later in the evening, Plaintiff alleges that he was refused ice by the officers in retaliation for assaulting an officer earlier that day. *Id.* Plaintiff submitted several "kites" to seek further medical treatment but was not seen by medical staff. *Id.* at 12. Plaintiff

alleges that "[a]ll in all Mesa County Sheriff's office neglected me for 5 days knowing I had multiple injuries and withheld medical treatment from me during that time." *Id.* As a result, Plaintiff "was forced to endure pain and discomfort." *Id.* Plaintiff does not allege that Defendant Wright was part of the medical staff that refused to provide treatment for five days. *See generally id.*

Plaintiff asserts a single claim against Defendant Wright for "[p]unishment of a [p]retrial [d]etainee - [d]enial of [m]edical [t]reatment" under the Fourteenth Amendment. *Id.* at 11. Plaintiff seeks "[n]ominal and or compensatory damages per occurrence or maximum allowed pursuant to law for plaintiff, punitive damages per occurrence or maximum allowed pursuant to law [for] each defendant[']s acts and, additional damages per day for illegal refusal to provide medical care." *Id.* at 16. Further, Plaintiff requests "any cost in preparation, research for suit and any attorney or expert fees, investigators, and or conventional cost's [*sic*] regarding suit, and any additional relief [that] this court deems just proper and equitable." *Id.*

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a

claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 129 S. Ct. at 1950 (quotation marks and citation omitted).

### III.  Analysis

**A.    Personal Participation - Delay in Treatment and Deprivation of Ice**

Plaintiff alleges that Defendant Wright withheld adequate medical treatment for his dislocated shoulder and taser burns for five days resulting in "pain and discomfort." *Compl.* [#1] at 11-12. In the Motion, Defendant Wright argues that Plaintiff fails to allege an act or omission by Defendant Wright sufficient to assert her personal participation in the alleged withholding of adequate medical treatment to Plaintiff, which is essential to assert a constitutional violation. *Motion* [#27] at 5. Specifically, Defendant Wright contends that "[t]here is no suggestion that Ms. Wright was involved in that alleged denial, or indeed that she was even aware of it." *Id.* at 5-6.

Plaintiff responds that an affirmative link exists between his injury and the constitutional violation because Plaintiff was a member of the "responding medical staff." *Response* [#37] at 8. Plaintiff additionally asserts, seemingly contrary to the Complaint [#1], that Defendant Wright "was present when my shirt was cut off and picture were [*sic*] taken of my back. She was also present when [the officer] wrenched my arms forward and I yelled 'ouch!' and my shoulder popped out then back in simultaneously. . . ."[4] *Id.* at 3.

Defendant Wright replies that the Complaint [#1] and Response [#37] mention "only that Ms. Wright was present during the examination." *Reply* [#42] at 5. Additionally, she argues that the kites attached to Plaintiff's Response [#37-1, #37-2, #37-5] do not implicate her because "Wright is not identified anywhere in the kites" nor do they explain her role in any alleged constitutional deprivation. *Reply* [#37] at 4. In fact, the only name on the "Medical Staff Signature" line is "Renee," which is clearly not Defendant Amanda Wright. *Id.* at 4.

"[P]ersonal participation is an essential allegation in a civil rights action." *Street v. Simon*, No. 10-cv-02026-BNB, 2010 WL 5313564, at *2 (D. Colo. Dec. 17, 2010). This requires an "affirmative link" between the defendant's conduct and the violation described by the plaintiff. *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001).

The only involvement of Defendant Wright alleged in the Complaint [#1] is during the initial medical examination. *See Compl.* [#1] at 8-12. Plaintiff fails to provide any

---

[4] The Court notes that Plaintiff may not effectively amend his Complaint by alleging new facts in his Response to the instant Motion. *See In re Qwest Commc'ns Int'l., Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. Jan. 13, 2004).

allegations demonstrating that Defendant Wright was involved in delaying Plaintiff's medical treatment after he submitted the kites or that she had any involvement in depriving Plaintiff of the ice for his shoulder. *See generally id.* Thus, the Court finds that Plaintiff has not alleged a cognizable claim against Defendant Wright with regards to a delay in medical treatment or deprivation of ice.

**B.      Eighth Amendment Claim - Treatment During Initial Examination**

Construed liberally, Plaintiff alleges in his Complaint [#1] that Defendant Wright violated the Eighth Amendment by acting with deliberate indifference towards his injuries during his initial medical examination. *Compl.* [#1] at 11. Defendant Wright argues that Plaintiff does not meet either the objective or subjective component required to show deliberate indifference. *Motion* [#27] at 7-9. Specifically, Defendant Wright contends that Plaintiff fails to allege that his injuries were sufficiently serious because his shoulder merely required ice and Plaintiff did not request treatment for his burns. *Id.* at 8. Additionally, Defendant Wright argues that Plaintiff fails to meet the subjective prong because "[t]here is nothing to indicate Ms. Wright knew of and disregarded a risk to inmate safety . . . ." *Id.*

Plaintiff argues that his injuries were sufficiently serious because lay persons recognized the need for treatment. *Response* [#37] at 10. Specifically, his fellow detainees advised him he should seek medical treatment to get his burns cleaned and an investigator commented that the burns were worse than he expected. *Id.* Additionally, Plaintiff argues that Defendant Wright should have conducted an "effective anatomical" and instead she "just stood around not even doing her job which was to evaluate and address my injuries." *Id.* at 3-4. Defendant Wright reiterates in her Reply that the injuries were not substantial and that Plaintiff fails to allege that Defendant knew of the taser burns and disregarded the

risk they presented.  *Reply* [#42] at 8-9.

Pretrial detainees are protected under the Fourteenth Amendment Due Process Clause.  *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1493 (10th Cir. 1990).  Under the Fourteenth Amendment Due Process Clause, pretrial detainees are "entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment.*"  Martin v. Board of Cty. Comm'rs of Cty. of Pueblo*, 909 F.2d 402, 406 (10th Cir. 1990).  Thus, Plaintiff's claim must be judged against the "deliberate indifference to serious medical needs test."  *Id.*  Plaintiff must allege facts satisfying both the objective and subjective prongs of the deliberate indifference test. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

Under the objective prong, a prisoner must establish that the alleged injury or deprivation is, objectively, "sufficiently serious." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)).  A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee had contact with the prisoner.'"  *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)).  The point of the objective prong of the deliberate indifference test is to "limit claims to significant, as

opposed to trivial, suffering." *Mata*, 427 F.3d at 753.[5]

Turning to the subjective prong, a detainee must establish that the defendant acted with a "sufficiently culpable state of mind" to violate the constitutional standard. *Tafoya*, 516 F.3d at 916. Defendant must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." *Farmer*, 511 U.S. at 837. The standard is subjective in that it requires that the defendant actually be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Id.* This prong is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." *Beauclair v. Graves*, 227 F. App'x 773, 776 (10th Cir. 2007) (quoting *Mata*, 427 F.3d at 752).

Importantly, the Supreme Court has distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition." *Estelle v. Gamble*, 429 U.S. 97, 1006 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). This "presents a high evidentiary hurdle" for the plaintiff. *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). "Use of 'deliberate,' for example, arguably requires nothing more than an act (or omission) of indifference that is voluntary, not accidental." *Farmer*, 511 U.S. at 840. "The question is: 'were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?'" *Martinez*, 563 F.3d at 1089 (quoting *Mata*,

---

[5] Here, because Plaintiff fails to meet the subjective prong for a deliberate indifference claim against Defendant Wright, the Court need not analyze the objective prong. *See Sealock*, 218 F.3d at 1209.

427 F.3d at 753).

Plaintiff fails to show that Defendant Wright deliberately disregarded his shoulder injury. Plaintiff alleges that unnamed medical staff suggested ice for his shoulder. *See Coppinger v. Shoemaker*, No. 11-cv-01741-REB-KLM, 2012 WL 1047567, at *7 (D. Colo. Feb. 21, 2012) ("Defendants' record of providing medical treatment, as described by Plaintiff, contradicts a finding that Plaintiff has plausibly pled facts indicating that Defendants knew of and disregarded an excessive risk to Plaintiff's heath or safety."). Furthermore, in this instance, based on Plaintiff's allegations, it appears that treatment with ice was not so obviously and utterly inadequate as to be constitutionally deficient. *Self*, 439 F.3d at 1233 ("So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met.").

Plaintiff also fails to plead sufficient facts to state a plausible claim that Defendant Wright knew of, and deliberately disregarded, Plaintiff's taser burns. Defendant Wright suggests that his back should have been treated to prevent infection.[6] However, a prisoner does not have a valid claim of deliberate indifference simply because he was denied "a particular course of treatment" that he desired. *Callahan*, 471 F.3d at 1160. Additionally, Plaintiff does not allege facts that show Defendant Wright was aware of and disregarded a significant risk. Instead, importantly, Plaintiff's own allegations describe that he himself was unaware of the extent of the injury and did not ask for medical treatment during the initial examination. *Compl.* [#1] at 11. Thus, even if the burns did require treatment, "an

---

[6] It is not alleged in the Complaint [#1] that an infection did in fact result from the delay in treatment.

official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 837; *see also Estelle*, 429 U.S. at 105-06 (neither "inadvertent failure to provide adequate medical care" nor "a complaint that a physician has been negligent in diagnosing or treating a medical condition . . . state a valid claim of medical mistreatment under the Eighth Amendment."). Accordingly, Plaintiff has failed to satisfy the subjective component of the deliberate indifference test, because he has not provided adequate allegations showing that Defendant Wright acted (or failed to act) with a "sufficiently culpable state of mind" during the initial examination. *Farmer*, 511 U.S. at 834.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#27] be **GRANTED**, and that all claims against Defendant Wright be **DISMISSED without prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should not attach to a dismissal when plaintiffs have made allegations "which, upon further investigation and development, could raise substantial issues").

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 1, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge