IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01908-PAB-KLM

REUBEN ROBERT EUGENE WISE,

    Plaintiff,

v.

CHRISTINA MONTEZ,
JANIELLE WESTERMIRE,
DAVID HARMON,
J. ZELLAR,
DIXIE SMITH,
AMANDA WRIGHT,
MCCABE, MCDF SERGEANT, and
MATT LEWIS,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix ("the recommendation") filed on April 2, 2019 [Docket No. 62]. Magistrate Judge Mix recommends that the Court grant Defendant Amanda Wright's Motion to Dismiss [Docket No. 27] and dismiss all claims against defendant Amanda Wright ("Wright") without prejudice. Plaintiff filed timely written objections. Docket No. 71.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th*

*Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's claim against Wright arises out of two incidents that occurred when he was a pretrial detainee in the Mesa County Detention Center in Colorado. Docket No. 1 at 11-12.[1] On August 21, 2016, plaintiff sustained an injury to his left shoulder. *Id*. at 11. Approximately two hours later, plaintiff's shoulder injury was aggravated when he was "tased." *Id*. Following the tasing, emergency medical services ordered ice for plaintiff's shoulder injury and took pictures of "multiple burns" on plaintiff's back from the Taser. *Id*. Wright, a member of the jail's medical staff, was present in plaintiff's cell while emergency medical services were treating plaintiff. *Id*. After emergency medical services departed, plaintiff did not receive any further medical treatment for his shoulder and back injuries for five days. *Id*. at 11-12. Plaintiff brings a claim against Wright (and other defendants not party to this motion) under the Fourteenth Amendment for "punishment of a pretrial detainee - denial of medical treatment." *Id*. at 11 (capitalization modified). In the recommendation, Magistrate Judge Mix concluded that plaintiff's complaint failed to state a claim against Wright because (1) Wright did not personally participate in any constitutional violation related to the five-day delay in

---

[1] Because the recommendation contains a detailed statement of the case and its procedural background, the Court discusses only the facts relevant to the resolution of plaintiff's objections. In considering the motion to dismiss, the Court assumes the truth of the allegations in the complaint. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

treating plaintiff's injuries and (2) Wright's conduct during the initial medical examination was not deliberately indifferent to plaintiff's medical needs. Docket No. 62 at 5-11.

Plaintiff first objects to the magistrate judge's conclusion that he did not adequately allege Wright's personal participation in a constitutional violation. "In order for liability to arise [for a constitutional violation under 42 U.S.C.] § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). The complaint does not allege that Wright had any involvement in the five-day delay in plaintiff receiving treatment for his shoulder and back. *See* Docket No. 1 at 11-12. Plaintiff argues that Wright's presence at the initial medical examination is sufficient to establish her personal participation in any constitutional violation arising out of the five-day delay in treatment because her presence as a "medical responder" at the initial examination made it her "duty to make sure all necessary treatment is provided . . . to the inmate in the incident she is responding to." Docket No. 71 at 2.[2] However, plaintiff provides no case law to support this assertion. Moreover, plaintiff has failed to assert any facts that would indicate that Wright had any "direct personal responsibility" to continue to provide plaintiff with medical care after the initial examination. *See Trujillo*, 465 F.3d at 1227; *cf. Haden v. Green*, No. 10-cv-00515-RBJ-KMT, 2012 WL 6953295, at *8 (Aug. 30,

---

[2] In support of his objections, plaintiff provides a one-page medical record dated August 22, 2016. Docket No. 71 at 6. The Court will not consider evidence absent from the record before the magistrate judge. Even if the Court did consider the document, however, all the document tends to establish is that Wright was present during the initial medical examination while emergency medical services were treating plaintiff. As the complaint already alleges Wright's presence at that time, considering the document would not change the Court's analysis.

2012) (defendant's direct personal responsibility was not established where evidence showed defendant "had no authority to provide medical care to inmates or to personally address their complaints about medical care"). The Court perceives no reason why an allegation of presence at an initial medical examination suffices to render Wright liable for the alleged subsequent delay in plaintiff's treatment. Thus, the Court agrees with the recommendation that the complaint fails to establish plaintiff's personal participation in the five-day delay of plaintiff's medical treatment.

Plaintiff next objects to the magistrate judge's conclusion that the complaint fails to allege that Wright was deliberately indifferent to plaintiff's medical needs. To establish an Eighth Amendment claim for deliberate indifference, the plaintiff must show both that he suffered a "sufficiently serious" harm (the objective element of a deliberate indifference claim) and that the prison official knew of and "disregarded" an "excessive risk" to the inmate's health (the subjective element). *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). The magistrate judge held that plaintiff failed to allege facts that would establish the subjective element – that Wright knew of and disregarded an excessive risk to plaintiff's health. Docket No. 62 at 9-11.

The Court agrees with the recommendation. As the magistrate judge correctly noted, "[s]o long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met." Docket No. 62 at 10 (quoting *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006). Plaintiff's complaint alleges that, while Wright was present, (1) emergency medical services ordered ice for plaintiff's

4

shoulder and (2) plaintiff's back had multiple Taser burns. Docket No. 1 at 4. First, as discussed above, plaintiff has not made allegations that Wright personally participated in denying or delaying plaintiff's ice. Second, as to the Taser burns, plaintiff fails to allege that, at the time Wright was present, his symptoms were sufficiently severe that Wright's alleged failure to clean and treat the burns demonstrates that she had the "requisite state of mind" to sustain a deliberate indifference claim. *See Self*, 439 F.3d at 1233. Plaintiff's complaint does not allege that he was in any pain from the Taser burns until August 24 – three days after his only contact with Wright. *See* Docket No. 1 at 12. Wright cannot be subjectively indifferent to plaintiff's medical needs when "the symptoms presented by [plaintiff]" while Wright was present did not indicate that plaintiff had suffered a more serious injury. *See Self*, 439 F.3d at 1233.

None of plaintiff's arguments to the contrary are persuasive. First, plaintiff argues that he submitted evidence that Wright "knew of and deliberately disregarded plaintiff's burns." Docket No. 71 at 3. As previously discussed, the Court will not consider evidence not in the record before the magistrate judge. Second, plaintiff contends that it was "mandatory" for Wright to treat plaintiff's Taser burns to prevent infection. Docket No. 71 at 3. The Eighth Amendment does not protect a prisoner's "right to a particular course of treatment." *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (holding that the Eighth Amendment does not redress claims for medical malpractice). Protection against infection is a "particular course of treatment" for plaintiff's Taser burns. *See id*. Moreover, plaintiff does not allege that the Taser burns did, in fact, become infected, which belies his assertion that treatment against

5

infection is mandatory.  *See generally* Docket No. 1.  Third, plaintiff states that, because his injury satisfies the definition of "[b]odily injury" under Colorado criminal law, Wright's alleged failure to provide treatment indicates that she disregarded a significant risk. Docket No. 71 at 3; *see* Colo. Rev. Stat. § 18-1-901(c) (defining bodily injury in the criminal code as "physical pain, illness, or any impairment of physical or mental condition").  Plaintiff fails to explain why an allegation that he suffered "bodily injury" is sufficient to satisfy the subjective prong, which requires Wright to have knowledge of an "excessive risk" to plaintiff's health.  *See Farmer*, 511 U.S. at 837.  Finally, plaintiff objects to the magistrate judge's statement that "plaintiff's own allegations describe that he himself was unaware of the extent of the [Taser burn] injury and did not ask for medical treatment during the initial examination."  Docket No. 71 at 3-4 (quoting Docket No. 62 at 10).  Plaintiff argues that "this does not mean that . . . nobody else was aware or that the injuries were minor."  *Id*. at 4.  However, as discussed above, Wright cannot be subjectively indifferent to plaintiff's medical needs when, at the time she was present, plaintiff's symptoms did not indicate that he had suffered a more serious injury. *See Self*, 439 F.3d at 1233.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 62] is accepted.  It is further

**ORDERED** that plaintiff's Objections to Magistrate's Recommendations (#62) [Docket No. 71] are overruled.  It is further

**ORDERED** that Defendant Amanda Wright's Motion to Dismiss [Docket No. 27] is granted. It is further

**ORDERED** that all claims against defendant Amanda Wright are dismissed without prejudice.

DATED September 4, 2019.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge